Case 1:20-cv-01248-PLM-RSK ECF No. 1, PageID.1 Filed 12/28/20 Page 1 of 16

FILED - LN
December 28, 2020 11:02 AM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: eod / SCANNED BY ___ /___

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

Jerome M. Hailey, individually, and as a Class member, et.al.,

(Enter above the full names of all plaintiffs, including prisoner number, in this action.)

v. Larry Cieply, et.al.,

**1:20-cv-01248**
Paul L. Maloney, United States District Judge
Ray Kent, US Magistrate Judge

(Enter above the full name of the defendant or defendants in this action.)

## COMPLAINT

I. **Previous Lawsuits**

CAUTION: The Prison Litigation Reform Act has resulted in substantial changes in the ability of incarcerated individuals to initiate lawsuits in this and other federal courts without prepayment of the civil action filing fee. Accurate and complete responses are required concerning your litigation history. Generally, a plaintiff's failure to accurately and completely answer the questions set forth below will result in denial of the privilege of proceeding *in forma pauperis* and require you to pay the entire $400.00 filing fee regardless of whether your complaint is dismissed.

A. Have you ever filed a lawsuit while incarcerated or detained in any prison or jail facility? Yes ☒ No ☐

B. If your answer to question A was yes, for each lawsuit you have filed you must answer questions 1 through 5 below. Attach additional sheets as necessary to answer questions 1 through 5 below with regard to each lawsuit.

1. Identify the court in which the lawsuit was filed. If it was a state court, identify the county in which the suit was filed. If the lawsuit was filed in federal court, identify the district within which the lawsuit was filed.

   3 lawsuits in the Western District, and 2 lawsuits in the Eastern District Federal Court.

2. Is the action still pending? Yes ☒ No ☒

   a. If your answer was no, state precisely how the action was resolved: _____

3. Did you appeal the decision? Yes ☒ No ☐

4. Is the appeal still pending? Yes ☒ No ☐  3 appeals pending.

   a. If not pending, what was the decision on appeal? _____

5. Was the previous lawsuit based upon the same or similar facts asserted in this lawsuit? Yes ☐ No ☒

   If so, explain: _____

II. **Place of Present Confinement** _____

If the place of present confinement is not the place you were confined when the occurrence that is subject of instant lawsuit arose, also list the place you were confined:

Gus Harrison Correctional facility, 2727 E. Beecher St. Adrian, MI 49221

-1-

Previous lawsuits:

1.) Jerome Hailey v. Crawford, Case No. 1:17-cv-1067, W.D. Mon. Judge Janet T. Neff and Mag. Judge Sally Berens, Pending.

2.) Jerome Hailey v. Noah Bruner, Case No. 1:19-cv-224, W.D. Mon. Gordon J. Quist and Mag. Judge Phillip J. Green, Case currently in the 6th Cir. Court of Appeals.

3.) Jerome Hailey v. Lloyd Blackman, Case No. 1:18-cv-464, W.D. Mon. Paul L. Maloney and Mag. Judge Ray Kent, Case currently in the 6th Cir. Court of Appeals.

4.) Jerome Hailey v. Trombley, Case No. 2:19-cv-10866, E.D. Mon. George Caram Steeh. and Mag. Anthony P. Patti, Case currently in the 6th Cir. Court of Appeals.

5.) Jerome Hailey v. Bogata, et. al., Case No. 2:20-cv-12583, E.D. Mon. Mark A. Goldsmith, and Mag. Judge Anthony P. Patti, Pending.

The above previous lawsuits are not based upon the same or similar facts asserted in this lawsuit.

I, Jerome Hailey, understand a false statement can subject me to the penalties of perjury. I, Jerome Hailey, therefore declare under the penalty of perjury that the aforementioned events/statement is correct and true. Jerome M. Hailey 12/17/2020

### III. Parties

**A. Plaintiff(s)**

Place your name in the first blank and your present address in the second blank. Provide the same information for any additional plaintiffs. Attach extra sheets as necessary.

Name of Plaintiff  Jerome M. Hasley

Address  2727 E. Beecher St., Adrian, MI 49221

**B. Defendant(s)**

Complete the information requested below for each defendant in this action, including whether you are suing each defendant in an official and/or personal capacity. If there are more than four defendants, provide the same information for each additional defendant. Attach extra sheets as necessary.

Name of Defendant #1  Larry Cieply
Position or Title  Unit Chief
Place of Employment  Richard A. Handlon Correctional facility
Address  1728 W. Bluewater Hwy., Ionia, MI 48846
Official and/or personal capacity?  Personal Capacity.

Name of Defendant #2  Williams, (first name unknown)
Position or Title  psychologist
Place of Employment  Richard A. Handlon Correctional Facility.
Address  1728 W. Bluewater Hwy, Ionia, MI 48846
Official and/or personal capacity?  Personal Capacity.

Name of Defendant #3  Stewart (first name unknown)
Position or Title  Lt.
Place of Employment  ~~1728 W. Bluewater Hwy~~ Richard A. Handlon Correctional facility
Address  1728 W. Bluewater Hwy, Ionia, MI 48846
Official and/or personal capacity?  Personal Capacity

Name of Defendant #4  Yokom (first name unknown)
Position or Title  Deputy Warden
Place of Employment  Richard A. Handlon Correctional facility
Address  1728 W. Bluewater Hwy, Ionia, MI 48846
Official and/or personal capacity?  _____

Name of Defendant #5  Reed (first name unknown)
Position or Title  PC
Place of Employment  Richard A. Handlon Correctional facility
Address  1728 W. Bluewater Hwy, Ionia, MI 48846
Official and/or personal capacity?  Personal Capacity

-2-

Defendant No. 6: Daughtery (first name unknown)
    Position: RUM
    Place of Employment: Richard A. Handlon Correctional facility
    Address: 1728 W. Bluewater Hwy, Ionia, MI 48846
    x Personal Capacity.

Defendant No. 7: Davis (first name unknown)
    Position: psychologist or social worker
    Place of Employment: Gus Harrison Correctional facility
    Address: 2727 E. Beecher St., Adrian, MI 49221
    x Personal Capacity.

Defendant No. 8: Holmes (first name unknown)
    Position: Unit Chief
    Place of Employment: Gus Harrison Correctional facility
    Address: 2727 E. Beecher St., Adrian, MI 49221
    x Personal Capacity

Defendant No. 9: McConnell (first name unknown)
    Position: Captain
    Place of Employment: Gus Harrison Correctional fac.
    Address: 2727 E. Beecher St., Adrian, MI 49221
    x Personal Capacity.

All defendants stated are being sued in their personal capacities by plaintiff Jerome Hailey, individually, for constitutional violations: 1st, 8th, and 14th Amendments.

I, Jerome Hailey, understand that a false statement can subject me to the penalties of perjury. I, Jerome Hailey, therefore declare under the penalties of perjury that the aforementioned event/statement is correct and true. *Jerome Mendell Hailey* 12/19/2020

IV. Statement of Claim:

## Prisoner §1983 Civil Complaint

### In the Western District Federal Court:

Plaintiff, Jerome Hailey, individually,

v.

Defendants, (first name unknown) Yokom, (first name unknown) Steward, (first name unknown) Reed, (first name unknown) Daughtery, (first name unknown) Williams, Larry Cieply, Pigg, Davis, Holmes, et. al.,

/

I. Plaintiff's Statement of facts:

1.) Plaintiff Jerome Hailey was transferred from Woodland Corr. faci on October 15, 2020, to Richard A. Handlon Corr. fac. whereas the following events occurred.

2.) On Oct. 15, upon arrival defendant Williams came into the control center and stated to plaintiff Hailey, "You've been here before right?" plaintiff responded "Yes", defendant Williams then states, "You'll be going to Ad. Seg. because the complaints and investigations you initiated the last time when you were here three years ago." Plaintiff responded "So, I am being retaliated against," defendant Williams then states "Dr. Cieply says its to protect the shaff and prisoners from you." Defendant Williams then turns to C/O farrer and stated "he's going to Ad. Seg. until further notice from Dr. Cieply!" Plaintiff Hailey was then put in Administrative Segregation without no misconducts.

3.) On Oct. 16, psych Chattah came and stated to plaintiff Hailey, "I am sorry you're going through this, because you were approved to be sent here to receive mental health treatment. And not to be retaliated against for complaints you wrote three (3) years ago. So, Dr. Cieply is talking of fubricating a SPON against you, It is likely you're going to a level 4 facility."

(Pg. 8 Attachments)

4.) On Oct. 17, plaintiff stated to defendant Steward, "I have no exchange of quartermaster clothes, I don't have no misconducts nor N.O.I that states nor give y'all staff authority to have me in Ad. Seg. So, I would appreciate it if I be provided my personal property", defendant Steward replied, "I'll check and see why you're down here" and walked away.

5.) On Oct. 19, psych Dean stated to plaintiff Hailey, "I apologize that I am unable to help, It is Dr. Cieply who are insisting that you don't deserve to be here in a level two, but I disagree because this is about giving and providing mental health treatment, not punishing the recipients because their intellects and pursuiting a redress through grievances, you know what I am trying to say, right?" Plaintiff responded, "of course, what's done in the dark always makes its way to the light."

6.) On Oct. 19, defendant Reed stated to plaintiff, "No personal property in Ad. Seg. regardless of any circumstances!" and he kept walking.

7.) On Oct. 19, plaintiff requested to speak with defendant Daughtery who stated to plaintiff, "let me find out what's going on with you." defendant Daughtery never returned.

8.) On Oct. 21, defendant Steward stated to plaintiff, "Mr. Hailey you ain't got shit coming and that's the bottomline of that!" Plaintiff replied, "So, Staff is punishing me, and you're joining by depriving me my personal property, religious items, and quartermaster clothes, without a due process of law, is that what you're telling me?"; defendant Steward then stated, "It is what it is!" plaintiff still was not given clothes nor his personal property.

9.) On Oct. 23, defendant Yokom replied to plaintiffs' property and quartermaster, "Oh yeah, I remember you, but why are you in the hole, you don't have any misconducts"; defendant Reed interrupted stating "that's that asshole who was filing all those complaints against staff, Cieply [turned his head to plaintiff] took care of him by putting a SPON in." defendant Yokom then turn and stated, "your ass don't have shit coming, you'll be out of here sometime next week!"; Plaintiff replied, "Is It right to place someone in the hole, and deprive him all his personal property and priviledges without a due process of law." defendant Yokom then angrily stated, "You think that's something, I can leave your ass in that cell and watch you rotten to death and wouldn't care, try me!" At this point plaintiff belief was there was nothing to be done, the covid-19 pandemic gave a stronger belief defendant Yokom would act out his threat due to the pandemic and spread within the facility.

(2)

10.) On Oct. 26-27, plaintiff started having severe headaches, chest pains, etc. the health care nurse stated, "It's just gas reflex," plaintiff responded, "I am not a medical expert, but I know what I am experiencing isn't gas reflex, so if you want to downplay this Covid-19 infection for whatever reasons, that's very ignorant of you and you shouldn't be licensed by the state to continue such abuse." Two days later plaintiff was verbally told he tested positive for Covid-19 and vitamins was ordered by the doctor and on its way.

11.) Everyday from Nov. 2, to Nov. 9., plaintiff was complaining regarding his personal property, and priviledges. Whereas Lt. Nickelson after learning of plaintiffs' situation stated herein, Plaintiff was finally given quartermaster and Lt. Nickelson stated to plaintiff, "No one get retaliated against on my watch, Mr. Hailey you'll be out of here tomorrow." On Oct. 10, plaintiff was moved into a Temproary cell, where his personal property was.

12.) On Nov. 10. When plaintiff moved into his new cell he then learned his T.V. was missing. The unit officers contacted property officer Weber who replied "Its in your locker." Plaintiffs' T.V. was not in his locker, after the unit officer witnessed plaintiff openning his locker showing all legal mail and books, the officer stated, "I am going to call her again, because she's on some bullshit." the officer left and returned and stated "She stated she sent your T.V. out with all the positive Covid-19 guys' property." To this day plaintiffs' T.V. still haven't been recovered and given to plaintiff.

13.) On Nov. 12, plaintiff Hailey was transferred from Richard A. Handlon Corr. Fac. to Gus Harrison Corr. fac. level 4 (ATP) Residential Treatment Program, upon arrival plaintiff was immediately put in Ad. Seg. and once again deprived his personal property and priviledges without a due process of law.

(pg 3)

14.) On Nov. 14, Capt. McConnell stated to plaintiff, "I know why you're here, and in Ad. Seg. you don't get any personal property," Plaintiff responded, "With all due respect Capt. I don't have no misconducts to subject me to the Ad.seg standards outlined in pd 05.03.150,(PD # can't be recalled right now,)" defendant McConnell then stated "Well mister get use to this, you aren't getting any personal property period." and defendant walked away.

15.) On Nov. 17, plaintiff Hailey learned that defendant Pigg removed all plaintiffs legal materials to all pending litigations, Plaintiff was unable to recite individual case numbers due to defendant Pigg putting/taking plaintiffs legal materials under Contraband in direct violation of MDOC PD, and plaintiffs 1st Amendment Const. of denying Access to the Courts due to in able for plaintiff to write to any pleadings the case numeber must be recited. Defendant Pigg intentionally broke plaintiff's seal and remove sensitive legal materials. (resolved on 12-18-2020, remove from complaint).

6). On and between Nov. 25, to 28, C/o's and nurses stated "the Administration still let us work if we test positive," this became a knowsn fact amongst prisoners and staff members which is a direct violation of the CDC Guidelines and placed this Plaintiffs' health and life in danger.

7.) On Nov. 29, plaintiff Hailey had a mental breakdown and was placed in a suicidal and homicidal preventions cell labeled observation. The c/o's wrote plaintiff two(2) misconducts and a Recommendation Review to the QMHP. Plaintiff was placed in chain restraints in Ad. Seg.

18.) On Nov. 30, defendant Davis stated to plaintiff, "come to the door", plaintiff responded "I am not about to crawl nude in restraints, I am not a sex slave," defendant Davis repetitiously stated over and over "Come to the door, come to the door,..." By defendant

(4)

disregard of my mental health trigger thoughts of once again being subjected to sexual harassment. Due to my circumstances in the prevention-cell I submitted my PREA complaint to RUM Thomas, Sgt. Pinkhurst, Capt. Welling, all between Dec. 1-7, 2020,.

19.) On Dec. 1, defendant Davis came to plaintiffs' cell and plaintiff stated, "I've filed a PREA complaint against you. I don't feel safe around you, because your kind of people has taught me to avoid the sexual predator inside you," Defendant Davis then states, "Don't sound like you want to come out that cell, so I'll see you tomorrow!" and walked away.

20.) On Dec. 1, (later in the day) the Sgt. appeared stating, "I have two (2) misconducts for you." plaintiff respond, "misconducts for what?" Sgt. responded by reading outloud the misconducts and plaintiff replied, "So, its obvious I was clearly having a mental health breakdown and basically being punish for having a mental illness". Sgt. then states, "Mr. Davis signed off on the misconduct psych-evaluation review stating you know right from wrong, so yeah the misconducts are being processed."

21.) On Dec. 18, defendant Davis came to plaintiffs' cell and stated, "Aya, I need to talk to you about that PREA," plaintiff replied, "You're harassing me." defendant Davis responded, "you're on inner-immediate status, so by refusing to talk with me I can place you on in-cell status which you know is like Ad. Seg. with only your property", Plaintiff responded, "So, you now threatening me with retaliation", with that being said defendant walked away.

22.) On specific dates, Dec. 1-18, plaintiff sent and made complaints to defendant Holmes who is the Unit Chief, in which defendant Holmes did not respond to plaintiffs' kites, nor did defendant exchange plaintiffs' case manager defendant Davis. Defendant Holmes disregard to accommendate plaintiffs' mental health needs is an act of being deliberating indifference that if continues and plaintiffs mental health accommendations are not met poses a substantial risk of serious harm. Plaintiff suffer with Major Depression and Anti-Personality Disorder. And when isolated over a long period of time plaintiff impulsiveness causes him to "blink out" engaging in whatever thoughts of self-injurious acts created through rumination. Defendant Davis and Holmes know of this. Defendant Holmes and other treatment team members shared plaintiffs' kites with unit officers, Officer Siko stated to plaintiff on Dec. 16, "You think I'm racist, and everyone that sit at that desk huh," plaintiff replied, "Where did you hear that from?" Officer Siko sarcasmly responded, "We're a unified team, tell eachother everything don't forget that, any attempts here we'll let be successful, you best believe it."

(5)

Regarding Claims at Richard A. Handlon (MTU): Plaintiff Hailey was transferred from Gus Harrison level 4 in 2016, to Richard A. Handlon (MTU) level 2 RTP, Whereas in 2017 plaintiff wrote a large amount of complaints against (C/o's) correctional officers, and mental health unit chief Dr. Cieply, who was also mentioned in Jerome Hailey V. William Crawford, Case No. 1:17-cv-1647, within regarding grievances being wrote against Cieply (defendant) for retaliation, and for encouraging plaintiff to assault defendant Crawford.

23.) It is clearly established that each defendant knew or should have known that they actions was to punish, retaliate, and violate plaintiffs 1st, 8th, and 14th Constitutional Rights. As well as in direct violation of state and federal laws by falsifying documents in able for plaintiff Hailey confinement level to be increased and for plaintiff to be subjected to an prejudice hearing which would result placing plaintiff on top (lock down) despite his serious mental health need. In direct violation of Americans With Disabilities Act, (ADA) by isolation beyond procedure requirement regarding RTP recipients:

24.) I, personally, ask this Court to order, the following:
1.) Defendant Larry Cieply to pay plaintiff Hailey in <u>punitive</u> damages in the amount of $350,000.00, <u>Compensatory</u> damages in the amount of $250,000.00, and Court/Attorney/plaintiffs' fees and costs as this litigation proceeds. For violating plaintiffs' 1st, 8th, and 14th Const. Rights, ADA, and violating state and federal laws by making a fraudulent document. Plaintiff suffered severely and was infected with covid-19, ( ) by defendant Cieply's retaliation.

2.) Defendant Williams to pay plaintiff in <u>punitive</u> damages in the amount of $300,000.00, <u>Compensatory</u> damages in the amount of $250,000.00, and plaintiff seeks Court/Attorney/plaintiffs' fees and costs as this litigation proceeds.

(6)

for executing actions which contradicts her practice. Mental Health Code states, "Any one who witness a recipient being neglected or abused in any mental institution shall immediately report it through the appropriate authorities." Defendant Williams abandoned her obligations as a licensed professional in exchange to assist into violating plaintiffs 1st, 8th, and 14th Constitutional Rights. As well as violating the ADA, which plaintiff was transferred to MTU, Richard A. Handlon for mental health treatment, but received harsed punishment, and suffered severely by her participation when plaintiff was in ~~such~~ serious need of her civic and professional duty(ies).

3.) Defendant Stewart to pay plaintiff Hailey in <u>punitive</u> demage in the amount of $100,000.00, <u>Compensatory</u> demage in the amount of $65,000.00, and Courts/Attorney/ plaintiffs' fees and costs as this litigation proceeds. For violating plaintiffs' 14th, ~~and~~ 1st, 8th, By depriving plaintiff his personal property including being free to practice his religion. Defendant Stewart had the authority to provide quartermaster clothing in able for plaintiff to shower and exchange his dirty clothing. defendant also had the authority to provide plaintiff his personal property and religious items. But she refused knowly plaintiff's placement in Ad. Seg. <u>was not</u> pursuant to MDOC Policy, nor an Administrative Hearing was to be conduct. In other words, defendant Stewart knew or should have known depriving plaintiff personal property and quartermaster clothing ~~which~~ was violating plaintiffs' rights.

4.) Defendant Yokom to pay plaintiff Hailey in <u>punitive</u> demage in the amount of $100,000.00, <u>Compensatory</u> demage in the amount of $60,000.00 and Courts/Attorney/plaintiffs' fees and costs as this litigation proceeds. For violating plaintiffs' 14th and 1st, by depriving plaintiff his personal property, religious items, and quartermaster clothing in able for plaintiff to shower and exchange into clean clothing. Defendant Yokom was made aware and still decided to deprive plaintiff his personal property without a due process of law, nor did defendant Yokom provide plaintiff quartermaster clothes. In direct violation of plaintiffs' 8th Amendment.

5). Defendant Reed is to pay plaintiff Hailey in *punitive* demage in the amount of $100,000.⁰⁰, Compensatory in the amount of $65,000.⁰⁰ and Court/Attorney/plaintiffs' fees and costs as this litigation proceeds. for violating plaintiffs' 14ᵗʰ, and 1ˢᵗ by depriving plaintiff his personal property without a due process of law.

6.) Defendant Daughtery is to pay plaintiff Hailey in *punitive* demage in the amount of $100,000.⁰⁰, Compensatory demage in the amount of $65,000.⁰⁰ and Court/Attorney/Plaintiffs' fees and costs as this litigation proceeds, for violating plaintiffs' 14ᵗʰ and 1ˢᵗ Rights by depriving plaintiff his personal property without a due process of law.

7.) Defendant McConnell is to pay plaintiff Hailey in *punitive* demage in the amount of $45,000.⁰⁰, *Compensatory* demage in the amount of $20,000.⁰⁰ and Court/Attorney/plaintiffs' fees and costs as this litigation proceeds. for violating plaintiffs' 14ᵗʰ and 1ˢᵗ Rights. By depriving plaintiff his personal property without a due process of law.

8.) Defendant Davis is to pay plaintiff Hailey in *punitive* demage in the amount of $150,000.⁰⁰, *Compensatory* demages in the amount of $100,000.⁰⁰ and Court/Attorney/Plaintiffs' fees and Costs as this litigation proceeds. For violating plaintiffs 1ˢᵗ, 8ᵗʰ, Mental health rights, and mental health codes which consequently affected plaintiffs' trauma. As well as falsifying document in direct violation of state and federal law.

9.) Defendant Holmes is to pay plaintiff Hailey in *punitive* demage in the amount of $350,000.⁰⁰, *compensatory* demages in the amount of $100,000.⁰⁰ and Court/Attorney/plaintiffs' fees and costs as this litigation proceeds. for violating plaintiffs' 8ᵗʰ Cons. Right, Mental Health Rights, subjecting plaintiff to suffer with extreme trauma, knowingly after being aware by staff and plaintiff. Defendant Holmes ignored and refuse to accommodate plaintiffs' mental health needs in direct violation of plaintiffs Cons. Rights and Mental Health rights. Defendant Holmes sharing plaintiffs' files, which suppose to be confidential

and patient/client priviledge, also in direct violation of plaintiffs' mental health rights, state and federal law. Plaintiff Hailey never gave anyone in BTP treatment team consent to share confidential records.

25.) All defendants herein acted out of their own desires and favorism, and ought to be held accountable for their actions. And, this honorable, respectful Court has the discretion to discontinue discriminatory practices against mentally ill ~~inmates~~ (recipients) within MDOC. I, Jerome Hailey, still suffer with Covid-19 symptoms such as foggy memory, concentration, headaches, breathing problems, urine and diarrah difficulties, and on top of all that I also suffer with Major Depression, and Anti-Personality Disorder, And is prescribed a psychotropic medication in which can cause incoherence. So, I ask this honorable respectfull Court to grant the attachments to this individual complaint against these defendants stated herein:

    Attachments:
    1) ~~illegible~~
    A1.) An Inquiry into Entering a "Habeas Corpus"

I, Jerome Hailey, understand that a false statement can subject me to the penalties of perjury. I, Jerome Hailey, therefore declare under the penalties of perjury that the aforementioned events is correct and true. Jerome Hailey 12/19/20

Jerome Mendell Hailey 515798   12/19/2020
Plaintiffs' Signature

V. **Relief**

State briefly and precisely what you want the court to do for you.

1) Plaintiff Hailey asks this respectful Court to order each defendant herein to pay plaintiff accordingly. As well as Grant Plaintiffs' Attachments, And hereby wishes for a Jury Demand.

2) Plaintiff asks this respectful Court for an Immediate Response regarding plaintiffs attachments due to the Covid-19 which is on level 1 side for the Second time, Inmates are being reinfected, so I therefore am asking outside of the Normal procedures. I Jerome Hailey, declare under the penalties of perjury that the aforementioned event is correct and true. Jerome Mendell Hailey 12/19/20

12/19/2020
Date

*Jerome M. Hailey*
Signature of Plaintiff

**NOTICE TO PLAINTIFF(S)**

The failure of a *pro se* litigant to keep the court apprised of an address change may be considered cause for dismissal.

Jerome Hailey #575198
Avs Harrison Correctional facility
2727 E. Beecher St,
Adrian, MI 49221

W.D: Clerk o[f]
113 Federal Bui[lding]
315 W. Alle[gan]
Lansing, MI

